IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DANIEL BERTHELOT § | |
|     Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-10-0018 |
| § | |
| AMERICAN POSTAL WORKERS § | |
| UNION, LOCAL 185, *et al.*, § | |
|     Defendants. § | |

## MEMORANDUM AND ORDER

This case is before the Court on two motions filed by Plaintiff Daniel Berthelot to reurge his earlier motion to compel discovery (collectively, "Plaintiff's Discovery Motions") from American Postal Workers Union Local 185 [Doc. # 55] (the "Union") and from the United States Postal Service [Doc. # 56] (the "USPS" or the "Postal Service"). Defendant Patrick R. Donahoe,[1] in his official capacity as Postmaster General of the United States Postal Service, has filed a response in strong opposition [Doc. # 60], as has the Union [Doc. # 61]. Plaintiff has not replied and the time to do so has expired. Having reviewed the full record in this case and having applied relevant legal authorities, the Court **denies** Plaintiff's Discovery Motions as grossly

---

[1]     Patrick R. Donahoe is now the Postmaster General of the United States and has been substituted automatically for the former Postmaster General John E. Potter as the proper party defendant in this litigation.

untimely.

Also pending are the USPS's "Motion to Dismiss or Motion for Judgment on the Pleadings or in the Alternative Motion for Summary Judgment" [Doc. # 58] and the Union's "Motion to Dismiss or Motion for Judgment on the Pleadings or Motion for Summary Judgment" [Doc. # 59] (collectively, "Defendants' Dispositive Motions"). Plaintiff filed a Joint Response to Defendants' Dispositive Motions [Doc. # 65], in which Plaintiff counter-moves "to strike extrinsic evidence" and "to quash rule 56 relief" ("Plaintiff's Counter-Motion to Strike"). Having reviewed the full record in this case and having applied relevant legal authorities, the Court **denies** Plaintiff's Counter-Motion to Strike.

## I.  BACKGROUND

Plaintiff has brought this "hybrid action" against the USPS and the Union (collectively, "Defendants") pursuant to section 1208(b) of the Postal Re-Organization Act, 39 U.S.C. § 1208(b).[2] Plaintiff filed an original complaint on January 4, 2010 [Doc. # 1], asserting that the USPS violated the Collective Bargaining Agreement (the "CBA") when it allegedly (1) eliminated Plaintiff's position at Cypress Post Office;

---

[2]  *See Reed v. United Transp. Union*, 488 U.S. 319, 328 (1989); *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164 (1983). *See generally Thomas v. LTV Corp.*, 39 F.3d 611, 621-22 (5th Cir. 1994); Postal Reorganization Act, 39 U.S.C. § 1208(b) (Postal Service's analog to section 301 of the Labor Management Relations Act, 29 U.S.C. § 185).

(2) pressured him to do work that violated his medical restrictions; (3) rescinded accommodations that were provided for his injury; and (4) eliminated higher grade pay for tasks associated with his position.  Plaintiff further alleges that he brought these matters to the Union's attention in July and August of 2009, that the Union filed a grievance on or about September 15, 2009, and that the Union mishandled this grievance.  Plaintiff then filed an amended complaint on June 6, 2010 [Doc. # 18], in which he repeats the assertions in his original complaint and alleges that the USPS committed further breaches of the CBA.

On April 26, 2010, the Court held an initial pretrial conference pursuant to Federal Rules of Civil Procedure 16 and 26, and established a Docket Control Order [Doc. # 17], which set March 15, 2010, as the cutoff for discovery in this case.  The parties and the Court discussed the deadlines and all counsel signed the order as approved at the end of the conference.  The discovery deadline has never been changed.

On June 19, 2010, Plaintiff filed a motion to compel discovery from the USPS, contending that the Defendants had failed to provide proper initial (Rule 26) disclosures and formal responses to his requests for production.[3]  The Court set a

---

[3] *See* Plaintiff's Motion to Compel First Request for Production and Rule 26 Disclosures Propounded Against John E. Potter, Postmaster General, United States Postal Service [Doc. # 19].

hearing for June 29, 2010, and ordered the parties to confer.[4] On June 28, 2010, the parties cancelled the hearing, informing the Court that the matters in issue had been resolved by counsels' agreement.[5] On July 12, 2010, Plaintiff filed another motion to compel regarding his dissatisfaction with the Union's responses to his requests for production.[6] Again, the Court set a discovery conference, this time for July 23, 2010.[7] The conference was reset to July 26, 2010, at 2:30 p.m., and took place at that time. Plaintiff's counsel did not appear and has not provided a meaningful explanation of his failure to appear at that conference. The Court issued a Minute Order summarizing the status of the discovery matters. The Court stated in the Order:

> Plaintiff's counsel elected not to appear. Defendant Union's counsel explained the status of the document production. The Motion to Compel [Doc. #22] is DENIED as moot. If Plaintiff needs a hearing, he must request it in writing.
>
> Counsel must confer in detail as to what documents have been produced and why other documents have not been produced, before any additional hearing will be held.

Minute Order [Doc. # 28], filed July 26, 2010. It is noted that the parties in this case have been actively litigating certain issues. For instance, on August 11, 2010, Plaintiff

---

[4] *See* Order dated June 22, 2010 [Doc. # 20].

[5] *See* unnumbered docket entry dated June 28, 2010.

[6] *See* Plaintiff's Motion to Compel First Request for Production Propounded Against American Postal Workers Union Local 185 [Doc. # 22].

[7] *See* Order dated July 14, 2010 [Doc. # 23].

filed a "Motion for Leave to Add Additional Parties" [Doc. # 29] ("Class/Joinder Motion") requesting the Court certify this case as a class action under Federal Rule of Civil Procedure 23 or permit joinder of parties under Rule 20. On November 8, 2010, the Court denied the Class/Joinder Motion because Plaintiff had failed to meet his burden under the cited rules on numerous grounds.[8] The Court reaffirmed this ruling in response to Plaintiff's Motion for Reconsideration [Doc. # 39].[9] At no time in connection with these motions and extensive briefing did Plaintiff seek this Court's intervention to obtain the additional discovery to which he now claims to be entitled.

No further discovery disputes were brought to the Court's attention during the discovery period. That period expired on March 15, 2011. On March 20, 2011, the eve of the motions deadline, March 31, 2011, Plaintiff filed the instant motions to compel discovery from Defendants. Defendants timely filed their motions for summary judgment and to dismiss Plaintiff's claims. In effect, Plaintiff seeks to extend the discovery period in this case long after the discovery period expired. Plaintiff gives no reasons for the delay in his motions.

---

[8]     *See* Memorandum and Order dated November 8, 2010 [Doc. # 37].

[9]     *See* Memorandum and Order dated March 4, 2011 [Doc. # 46].

## II.     DISCUSSION

### A.     Plaintiff's Discovery Motions

Where a scheduling order has been entered establishing a deadline for amendments to pleadings, Federal Rule of Civil Procedure 16(b) provides the standard for requests to amend after a scheduling order's deadline has expired. *Marathon Financial Ins., Inc. v Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009); *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008). "Rule 16(b) provides that once a scheduling order has been entered, it 'may be modified only for good cause and with the judge's consent.'" *Marathon*, 591 F.3d at 470 (quoting FED. R. CIV. P. 16(b). Rule 16(b) requires a party "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Id.* (quoting *S&W Enters., LLC v. Southtrust Bank of Ala., NA,* 315 F.3d 533, 535 (5th Cir. 2003)). To determine whether the moving party has established good cause, the Court considers the following four factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.* (quoting *Sw. Bell Tel. Co. v. City of El Paso,* 346 F.3d 541, 546 (5th Cir. 2003)).

"In the context of a motion for leave to amend, the court may deny the motion

if the movant 'knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint.'" *Udoewa v. Plus4 Credit Union*, 2010 WL 1169963, at *2 (S.D. Tex. Mar. 23, 2010) (quoting *Pallottino v. City of Rio Rancho,* 31 F.3d 1023, 1027 (10th Cir. 1994), and citing *Pope v. MCI Telecomms. Corp.*, 937 F.2d 258, 263 (5th Cir. 1991) (denying, under Rule 15(a)'s more lenient standard, a late-filed motion to amend a complaint to include claims based on same facts)); *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) (denying leave to amend under Rule 16(b) when facts were known to plaintiff at time of first complaint); *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340-41 (2d Cir. 2000) (denying leave to amend under Rule 16(b) where plaintiff "had all the information necessary" to support the new claim at the time he filed the lawsuit).

The Court is unpersuaded that the discovery deadline should be extended. Plaintiff gives no explanation for the failure to timely move for leave to amend the deadline. Indeed, despite the various notices he received of the settings of court hearings and the Court's rulings, he did not seek relief during the discovery period. The first factor weighs against the extension Plaintiff now seeks.

Plaintiff contends the discovery he seeks, and thus the extension of the discovery period, is very important. The Court will assume this is the case, despite

the fact that many of Plaintiff's discovery requests are vastly overbroad or unreasonable. Defendants have strong objections and much of the discovery Plaintiff seeks would not be permitted.

Plaintiff has not explained any potential prejudice in not allowing the amendment. While the Court theoretically could grant a continuance and reopen discovery, to do so would extend the litigation substantially, and do so despite clear warning that the deadlines existed. The case is already a year and a half old, and there would be prejudice to Defendants who now have "shown their hands" by filing their timely dispositive motions. The Court exercises its discretion to deny a continuance.

Plaintiff has failed to satisfy his burden to establish entitlement to a substantial continuance of the discovery deadline and thus his motions to compel additional discovery from Defendants are not timely.

### B. Plaintiff's Counter-Motion to Strike

On March 22, 2011, and March 31, 2011, respectively, the USPS and the Union each filed a "Motion to Dismiss or Motion for Judgment on the Pleadings or in the Alternative Motion for Summary Judgment" [Docs. # 58, # 59] (collectively, Defendants' Dispositive Motions. Plaintiff filed a Joint Response to Defendants' Dispositive Motions [Doc. # 65], in which Plaintiff counter-moves "to strike extrinsic evidence" and "to quash rule 56 relief" ("Plaintiff's Counter-Motion to Strike").

Plaintiff argues that all extrinsic evidence in Defendants' Dispositive Motions should be stricken and that the Court should not consider Defendants' alternative request for Rule 56 relief because Plaintiff did not have notice that the Court would consider extrinsic evidence in deciding Defendants' Dispositive Motions. The Court finds this argument disingenuous. Plaintiff is correct that "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and that "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." However, Defendants' Dispositive Motions have been on file since late March and were filed after the conclusion of discovery in this case. Plaintiff was on notice, from the titles of Defendants' Dispositive Motions and their contents, that Rule 56 relief was sought. Moreover, the Court granted Plaintiffs' request for additional time to respond to Defendants' Dispositive Motions.[10] For these reasons, Plaintiff's Counter-Motion to Strike is **denied**. Defendants' Motions for Summary Judgment are properly before this Court. Plaintiff must file any additional response to Defendants' Dispositive Motions on or before **June 15, 2011**.[11]

---

[10] *See* Order dated April 29 [Doc. # 64].

[11] To the extent Plaintiff intends to seek relief under Federal Rule of Civil Procedure 56(d) (formerly Rule 56(f)), he must make sure he meets any and all requirements of that Rule.

Defendants may file any replies on or before **June 22, 2011.**

### III. CONCLUSION AND ORDER

For the forgoing reasons, it is hereby

**ORDERED** that Plaintiff's Motions to Reurge Motions to Compel Discovery from American Postal Workers Union Local 185 [Doc. # 55] and from the United States Postal Service [Doc. # 56] are **DENIED**. It is further

**ORDERED** that Plaintiff's Counter-Motion to Strike is **denied**. Plaintiff must file any additional response to Defendants' Motions for Summary Judgment on or before **June 15, 2011**. Defendants may file any replies on or before **June 22, 2011.**

SIGNED at Houston, Texas, this **2nd** day of **June, 2011.**

_____
Nancy F. Atlas
United States District Judge