# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| DANIEL BERTHELOT. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:10-0018 |
| | § | |
| AMERICAN POSTAL WORKERS | § | |
| UNION, LOCAL 185 and PATRICK | § | |
| R. DONAHOE, in his official capacity | § | |
| as POSTMASTER GENERAL, | § | |
| UNITED STATES POSTAL SERVICE, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

In this suit under the Postal Reorganization Act, summary judgment was granted in part and denied in part on September 2, 2011. *See* Memorandum and Order [Doc. # 76]. At docket call on December 9, 2011, the Court granted Defendant American Postal Workers Union Local 185 ("Union") permission to file a motion for reconsideration. The Union now has filed has filed a Motion for Reconsideration of the Partial Denial of the Union's Motion to Dismiss or for Summary Judgment [Doc. # 95] ("Defendant's Motion"). Plaintiff Daniel Berthelot has responded and brings

a Rule 56(f) motion for discovery.[1]  Defendant has replied and Plaintiff filed a surreply.[2]  The motions are ripe for decision.  Having considered the parties' briefing, the applicable legal authorities, and all matters of record, the Court concludes that Defendant's motion for summary judgment should be **GRANTED** and that Plaintiff's Rule 56(f) motion for discovery should be **DENIED.**

## I.     BACKGROUND

The facts of this lawsuit are set out at length in the Court's previous Memorandum and Order.[3]  Plaintiff Berthelot was an employee of the United States Postal Service and, because of disabilities arising from an on-the-job injury, was classified as a "permanent rehabilitation employee."  He alleges that the Union breached its duty of fair representation when it failed to grieve all three of the complaints he brought to the Union's attention in August 2009 in a letter to Princella Vogel, the President of Local 185.[4]  The Vogel Letter raised three issues:

---

[1]   Plaintiff's Rule 56(f), F.R.C.P., Motion Made in Response to APWU Local 185's Motion for Reconsideration of Order Denying Motion for Summary Judgment [Doc. # 99] ("Response").

[2]   Reply of Defendant American Postal Workers Union Local 185 to Plaintiff's Rule 56(f) F.R.C.P. Motion in Response to APWU's Motion to Reconsider Order Denying Summary Judgment [Doc. # 100]; Plaintiff's Rebuttal to Local 185's Reply [Doc. # 102].

[3]   Memorandum and Order [Doc. # 76], at 2-6.

[4]   Letter from J. Mallory to P. Vogel, dated August 5, 2009 (Exhibit C to Defendant's
(continued...)

> Management wishes to re-assign Mr. Berthelot to postal clerk duties. Of greater concern, he cannot perform all of the functions of a postal clerk because it would violate his medical restrictions. Moreover, Management has refused to accommodate his medical appointments. Also, it has refused to pay him for tasks associated with a higher grade.[5]

As discussed in the Court's previous opinion, the Union filed a grievance on Berthelot's behalf concerning the pay issue,[6] but did not address his complaints that his reassignment violated his medical restrictions and that his employer had refused to accommodate his medical appointments. The Union presented a declaration from Rowena Marable, who was steward of Local 185 at the time, who stated that she understood the "sole focus" of Berthelot's grievance to be the pay issue.[7] The parties presented conflicting evidence on the issue of whether the Union had sought additional information from Berthelot. Marable stated in her Declaration that she had asked Berthelot for a written statement with any available supporting documents but received no such statement, and thus proceeded with the grievance based only on the

---

[4]  (...continued)
    Motion) ("Vogel Letter").

[5]  Vogel Letter, at 1.

[6]  Grievance G091827, dated September 18, 2009 (Exhibit E to Defendant's Motion), at 1 ("Step One Grievance").

[7]  Declaration of Rowena Marable, dated March 29, 2011 (Exhibit B to Doc. # 59) ("Marable Declaration"), at 1, ¶¶ 2-3.

pay issue.[8]  Berthelot, however, stated in his Declaration that he never heard from the Union or Marable about his claim and never received a request for additional information.[9]

The Court's previous opinion partially denied summary judgment to the Union on Plaintiff's breach of fair representation claim, holding that Plaintiff had demonstrated a genuine issue of material fact as to whether or not the Union's failure to grieve the two additional issues was arbitrary.  The Court noted that Berthelot's Declaration stated that he had never received a request from the Union for more information, and that the Union's briefing had failed to address the Vogel Letter, which demonstrated that Plaintiff had brought all three complaints to the Union's attention.  The Court held:  "Because there is a factual dispute about whether the Union was arbitrary in failing to address two of Berthelot's issues, summary judgment

---

[8] *Id*. at 1-2, ¶¶ 4-7; *see id*. at 2, ¶ 6 ("I wrote the grievance the way Daniel Berthelot had explained it to me: as a higher level of pay issue.").

[9] Declaration of Daniel Berthelot, dated June 9, 2011 (Exhibit A to Doc. # 67) ("Berthelot Declaration"), at 2, ¶ 5 (Berthelot states that, after sending the Vogel Letter, he "never heard a response from the Union despite several requests for a status" and "never received a request for further information from the Union, including the union steward"; he further states that he discovered belatedly that "the Union only pursued the matter relating to higher pay and disregarded the remaining matters relating to the breach of my rights arising from my disabled status as a permanent rehabilitation employee").

is denied on whether the Union acted arbitrarily."[10]

At docket call on December 9, 2011, defense counsel requested permission to file for reconsideration of the partial denial of summary judgment, based on the Union's representations that evidence in the record demonstrated that summary judgment was warranted.[11] The Court granted permission for the Union to file its motion and stated that, if any claims remained pending after the Court ruled on the motion for reconsideration, the case would be stayed and administratively closed pending resolution of arbitration proceedings in which the parties are currently engaged involving certain issues that may overlap with those still pending in this suit.[12]

With its current Motion, Defendant now submits a September 4, 2009, handwritten note from Berthelot to Marable, the Union steward, and another Union official. The body of the note states:

> The answer that you have given me to me [sic] on two previous occasions does not satisfy me. I am now requesting that the [Union] file

---

[10] Memorandum and Order [Doc. # 76], at 13. The Court granted summary judgment on the issues of discrimination and bad faith, which are two other possible bases for liability on a breach of fair representation claim. *Id.* (citing *Vaca v. Sipes*, 386 U.S. 171 (1967)).

[11] Transcript of Docket Call, Dec. 9, 2011 [Doc. # 97], at 17-20. Counsel for the Union stated that she could "point out" supporting evidence in the record but counsel requested, and the Court agreed, that discovery not be reopened. *Id.* at 19.

[12] Minute Entry Order, dated Dec. 9, 2011 [Doc. # 91].

> a grievance on my behalf concerning higher level pay for doing higher level work. I have been getting higher level pay for over two years for the work that I have been doing and am still doing.[13]

The Note is signed by Berthelot and by Marable. This Note was not in the record, and was not discussed by the parties, during the previous round of summary judgment briefing. The Note, however, was produced in discovery, as it carries a Bates-number in accordance with the parties' labeling system. Plaintiff's Response does not address the Note at all.

Defendant's Motion also contains extensive argument that the Union did not arbitrarily ignore Plaintiff's medical and rehabilitation issues by failing to pursue remedies under Article 13 of the Collective Bargaining Agreement ("CBA") because Article 13 does not apply to on-the-job injuries such as the injury suffered by Berthelot.[14] In support of this argument, the Union cites to the 2007 Joint Contract

---

[13] Handwritten note from Berthelot to R. Marable, dated Sept. 4, 2009 (Exhibit D to Defendant's Motion) ("Note").

Defendant also presents a declaration from Vogel which states that, after receiving the Vogel Letter, she referred the matter to Union stewards who "conferred with Mr. Berthelot on at least two occasions in August/September 2009." Declaration of Princella Edwards Vogel, dated Dec. 22, 2011 (Doc. # 95-7) ("Vogel Declaration"), at 2, ¶¶ 9-10. Berthelot objects to Vogel's statements, noting that they are not based on personal knowledge. The Court does not rely on the Vogel Declaration in reaching its decision.

[14] Defendant's Motion, at 4-8. The Union also argues that Article 30 of the CBA was not breached, *see id*. at 8–9; however, Plaintiff's Response states that he was not
(continued...)

Interpretation Manual ("JCIM"), which it argues controls interpretation of the CBA. Plaintiff objects strenuously to the Union's reliance on the JCIM, arguing that the JCIM was not produced in discovery "despite the document being subject to disclosures, production requests, and compel motions,"[15] and that Vogel Declaration attached to Defendant's Motion makes post-hoc rationalizations based on the JCIM.[16] He argues that the Union should be compelled to produce and disclose all outstanding documentation responsive to his production requests, and that he should be permitted to depose Vogel, as well as Marable and Union President Glazebrook, regarding the Union's newly asserted arguments.[17]

## II.     SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the

---

[14]   (...continued)
asserting a breach of Article 30, but only Article 13. Response, at 6 n 4.

[15]   Response, at 4.

[16]   *Id*. at 5.

[17]   *Id*. at 8-9.

party's case, and on which that party will bear the burden at trial.[18]  "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[19]

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact."[20]  The moving party, however, need not negate the elements of the non-movant's case.[21]  The moving party may meet its burden by pointing out "the absence of evidence supporting the nonmoving party's case."[22]

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial.[23]  "An issue is material if its resolution could affect the outcome of the

---

[18]  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002).

[19]  FED. R. CIV. P. 56(a); *Celotex Corp.*, 477 U.S. at 322–23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).

[20]  *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005).

[21]  *See Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005).

[22]  *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (internal citations and quotations omitted).

[23]  *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted).

action. A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[24]

In deciding whether a genuine and material fact issue has been created, the facts and inferences to be drawn from them must be reviewed in the light most favorable to the nonmoving party.[25] However, factual controversies are resolved in favor of the non-movant "only 'when both parties have submitted evidence of contradictory facts.'"[26] The non-movant's burden is not met by mere reliance on the allegations or denials in the non-movant's pleadings.[27] Likewise, "conclusory allegations" or "unsubstantiated assertions" do not meet the non-movant's burden.[28] Instead, the nonmoving party must present specific facts which show "the existence of a genuine issue concerning every essential component of its case."[29] In the absence of any proof,

---

[24] *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations and quotation marks omitted).

[25] *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003).

[26] *Alexander v. Eeds*, 392 F.3d 138, 142 (5th Cir. 2004) (quoting *Olabisiomotosho v. City of Houston,* 185 F.3d 521, 525 (5th Cir. 1999)).

[27] *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002).

[28] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008).

[29] *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. (continued...)

the court will not assume that the non-movant could or would prove the necessary facts.[30]

Affidavits cannot preclude summary judgment unless they contain competent and otherwise admissible evidence.[31] A party's self-serving and unsupported statement in an affidavit will not defeat summary judgment where the evidence in the record is to the contrary.[32]

Finally, "[w]hen evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court. Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment."[33]

---

[29] (...continued)
2003) (citation and internal quotation marks omitted).

[30] *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

[31] *See* FED. R. CIV. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated"); *Love v. Nat'l Medical Enters.*, 230 F.3d 765, 776 (5th Cir. 2000); *Hunter-Reed v. City of Houston*, 244 F. Supp. 2d 733, 745 (S.D. Tex. 2003).

[32] *See In re Hinsely*, 201 F.3d 638, 643 (5th Cir. 2000).

[33] *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) (internal citations and quotations omitted).

### III. ANALYSIS

As set forth previously, this is a "hybrid action" against the USPS and the Union under Section 1208(b) of the Postal Reorganization Act, 39 U.S.C. § 1208(b).[34] Plaintiff brings two claims: first, that the USPS breached the relevant collective bargaining agreement ("CBA"); and second, that the Union breached its duty of fair representation. The courts have held that, if a plaintiff cannot maintain a cause of action against his Union for breach of the duty of fair representation, the claim against the employer necessarily fails.[35]

In order to make a claim for breach of the duty of fair representation, Berthelot must show that the Union's actions toward him were arbitrary, discriminatory, or in

---

[34] *See McNair v. U.S. Postal Serv*, 768 F.2d 730, 735 (5th Cir. 1985) (the Labor Management Relations Act ("LMRA"), 29 U.S.C. §§ 141 *et seq.*, is made applicable to the USPS by the Postal Reorganization Act, which gives federal courts jurisdiction over disputes arising under collective bargaining agreements executed by USPS; Section 1208(b) is the "analogue" of section 301(a) of the LMRA, 29 U.S.C. § 185(a)).

[35] The two components of the "hybrid" action, while separate causes, are "inextricably interdependent." *Williams v. AT&T Inc.*, 356 F. App'x 761, 768 (5th Cir. 2009) (citing *United Parcel Serv., Inc. v. Mitchell*, 451 U.S. 56, 61-62 (1981)); *Landry v. The Copper/T. Smith Stevedoring Co., Inc.*, 880 F.2d 846, 850 (5th Cir. 1989) (citing *Del Costello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164-65 (1983)). A breach by the union of the duty of fair representation is an "indispensable predicate" for a plaintiff's claim against the employer for breach of the collective bargaining agreement. *Williams*, 356 F. App'x at 768 (citing *United Parcel*, 451 U.S. at 62, *Thomas v. LTV Corp.*, 39 F.3d 611, 621-22 (5th Cir. 1994)); *Lee v. Cytec Industries, Inc*, 460 F.3d 673, 679 (5th Cir. 2006); *Meredith v. La. Fed'n of Teachers*, 209 F.3d 398, 403 (5th Cir. 2000); *Landry*, 880 F.2d at 851.

bad faith.[36] Unions have considerable discretion in processing grievances, even those grievances with merit.[37] A union member does not have an absolute right to have his grievance taken through all stages of the grievance procedure.[38] Simple negligence by the union, or a mistake in judgment, are insufficient to show that the union breached its duty of fair representation.[39]

However, a union may not arbitrarily ignore, or refuse without reason to investigate, a member's meritorious grievance.[40] "It is beyond doubt that the duty of fair representation includes an obligation to investigate and to ascertain the merit of employee grievances."[41]

The Court holds, based on the record now before it, that the Union is entitled to summary judgment on the issue of arbitrariness. The Court's previous ruling

---

[36] *Vaca v. Sipes*, 386 U.S. 171, 190 (1967); *Landry*, 880 F.2d at 852. This Court's previous opinion granted summary judgment to Defendant on the issues of bad faith and discrimination.

[37] *Vaca*, 386 U.S. at 191; *Landry*, 880 F.2d at 852; *Turner v. Air Transport Dispatchers Assoc.*, 468 F.2d 297, 299 (5th Cir. 1972).

[38] *Vaca*, 386 U.S. at 191; *Landry*, 880 F.2d at 852.

[39] *Landry*, 880 F.2d at 852.

[40] *Id.*

[41] *Turner,* 468 F.2d at 299-30 (citing *Vaca*, 386 U.S. at 191; *DeArroyo v. Sindicato de Trabajadores Packing, AFL-CIO*, 425 F.2d 281, 284 (1st Cir.1970); *Local Union 12, United Rubber, C. L. & P. Workers of America, AFL-CIO v. NLRB*, 368 F.2d 12, 17-18 (5th Cir.1966)).

partially denying summary judgment was due to the appearance of a fact question whether the Union had arbitrarily ignored two of Berthelot's three complaints. In the initial briefing, Berthelot provided to the Court the Vogel Letter written in August 2009, which set forth all three complaints, in addition to his Declaration stating he had received no response from the Union. The Union's briefing did not address the Vogel Letter. However, the current record is materially different. The Note presented by the Union is handwritten by Berthelot and dated September 4, 2009. In it, Berthelot expressly requests that the Union grieve *only* the pay issue, and does not mention the other two issues. This Note was written after the Vogel Letter, and explicitly refers to two previous communications between Berthelot and the Union about his complaints.[42] It was written two weeks before the Union initiated a grievance on Berthelot's behalf, which grieved the pay issue.[43]

Berthelot's Note, which references only the pay issue, corroborates Marable's statement in her Declaration, filed in the previous round of briefing, that she understood Berthelot's complaint to be solely about the pay, which she grieved.[44] Moreover, Berthelot's explicit reference in the Note to two communications between

---

[42] Note ("The answer that you have given me to me [sic] on two previous occasions does not satisfy me.").

[43] Step One Grievance (Exhibit E to Defendant's Motion).

[44] *See* Marable Declaration, at 2, ¶ 6.

Berthelot and the Union contradicts his statement in his Declaration, also filed in the previous round of briefing, that the Union ignored his complaints and never communicated with him regarding his grievance.[45] A party's self-serving and unsupported statement in an affidavit will not defeat summary judgment where the evidence in the record is plainly to the contrary.[46] When considered in its entirety, the record evidence resolves any factual dispute as to whether the Union arbitrarily ignored Berthelot's complaints. Clearly, given Berthelot's request in writing that the Union grieve only one issue, its failure to pursue other issues was not arbitrary.[47]

Summary judgment is granted on Plaintiff's breach of fair representation claim, and the claim will be dismissed. Plaintiff's claim against the USPS for breach of the collective bargaining agreement therefore also will be dismissed.[48]

Based on the foregoing, the Court need not address the Union's arguments regarding Article 13 and the JCIM. In addition, because the Court is not relying on the JCIM or the Vogel Declaration in reaching its holding, Plaintiff's request for additional discovery to respond to those arguments is moot.

---

[45] *See* Berthelot Declaration, at 2, ¶ 5.

[46] *Hinsely*, 201 F.3d at 643.

[47] *See Landry*, 880 F.2d at 852.

[48] *Williams*, 356 F. App'x at 768 (citing *United Parcel*, 451 U.S. at 62, *Thomas v. LTV Corp.*, 39 F.3d 611, 621-22 (5th Cir. 1994)); *Lee*, 460 F.3d at 679; *Meredith*, 209 F.3d at 403; *Landry*, 880 F.2d at 851.

## IV.     CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that Defendant's Motion for Reconsideration of the Partial Denial of the Union's Motion to Dismiss or for Summary Judgment [Doc. # 95] is **GRANTED**.  All of Plaintiff's claims are **DISMISSED WITH PREJUDICE**.  It is further

**ORDERED** that Plaintiff's Rule 56(f) motion for discovery [Doc. # 99] is **DENIED AS MOOT**.

A separate final judgment will issue.

SIGNED at Houston, Texas, this **31st** day of **January, 2012**.

_____
Nancy F. Atlas
United States District Judge